IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLADSTON EDWARD WILSON, #2153710, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:21-cv-00349-K (BT) |
| THE STATE OF TEXAS, et al., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Gladston Edward Wilson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Wilson's petition as barred by limitations.

I.

Wilson was charged by indictment with aggravated sexual assault of a child. *State of Texas v. Wilson*, Case No. F-1575416-T. A jury found him guilty of indecency with a child, and he was sentenced to twelve years' imprisonment on August 9, 2017. Wilson appealed.

On October 8, 2018, the Fifth Court of Appeals modified the trial court's judgment to correctly state the offense for which Wilson was found

1

guilty and otherwise affirmed his conviction and sentence. Wilson did not file a petition for discretionary review (PDR). *Wilson v. State*, 05-17-00946-CR, mem. op. (Tex. App.—Dallas 2018, no pet.).

Wilson filed two state applications for a writ of habeas corpus on June 13, 2019, and April 3, 2020—at the earliest.[1] On October 2, 2019, the Texas Court of Criminal Appeals (CCA) denied Wilson's first state application without a written order. The CCA dismissed Wilson's second state application as subsequent.

Then, on February 8, 2021, Wilson filed his § 2254 petition, in which he argues:

(1) The trial court engaged in judicial misconduct;

(2) His trial attorney provided ineffective assistance of counsel when he failed to

  a. investigate and present the information about Wilson's travel,

  b. prepare a defense,

  c. call two important fact witnesses,

  d. call a medical expert, and

---

[1] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, although Wilson failed to attest to the date he mailed his state habeas applications, (ECF No. 16-18 at 7-27), the Court presumes he delivered them to prison authorities on the same date he signed them.

2

      e.    call an alibi witness.

Respondent filed an answer arguing that Wilson's petition should be denied and dismissed with prejudice because it is time-barred. Wilson filed a reply but did not address the limitations issue.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

expired. 28 U.S.C. § 2244(d)(1)(A). Here, Wilson has failed to show that the provisions of § 2244(d)(1)(B)-(D) are implicated; therefore, § 2244(d)(1)(A) applies.

### A.

The State entered judgment on Wilson's conviction on August 9, 2017, and the Fifth Court of Appeals affirmed his conviction on October 8, 2018. Wilson did not file a PDR. Therefore, his conviction became final on November 7, 2018, thirty days after the court of appeals affirmed the judgment. *See* Tex. R. App. P. 68.2(a) (stating a first petition must be filed within 30 days after the court of appeals' judgment is rendered). Wilson then had one year, until November 7, 2019, to file his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet, Wilson waited until February 8, 2021—*more than one year* after the deadline expired—to file a federal habeas petition. Wilson's petition is therefore untimely.

Wilson filed two state habeas applications, which generally toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C.

4

§ 2244(d)(2)). In this case, Wilson filed his first application on June 13, 2019, and it was denied on October 2, 2019. Thus, the limitations period was tolled 112 days, until February 27, 2020. *See* 28 U.S.C. § 2244(d)(2)). But Wilson still did not file his federal petition until February 8, 2021—almost a year after the limitation period expired.

Wilson's second state habeas application did not toll the limitations period, because Wilson filed it on April 3, 2020—after the limitations period had expired. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period).

B.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable

5

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

> Wilson's § 2254 petition includes the following instruction:
>
> If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

Pet. 9 (ECF No. 3). Wilson failed to comply with this instruction. *Id*. He also failed to raise an argument suggesting that he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish act with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). In this case, Wilson's habeas claims address matters before the trial court. But the trial court entered its judgment on August 9, 2017. Wilson's claims do not rely on any new facts or evidence not available to him at the time he was convicted or within a manner to allow him to timely pursue these claims. Therefore, Wilson has failed to show that he has pursued his claims diligently to justify equitable tolling. *See Covey v.*

6

*Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Wilson fails to state a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

## C.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[2] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Wilson fails to raise an actual innocence claim in his petition. *See* Pet (ECF No. 3). Therefore, he has not demonstrated that actual innocence

---

[2] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

7

serves as a gateway through which his time-barred petition can pass. Wilson's petition is time-barred and should be dismissed with prejudice.

III.

The Court should DISMISS Wilson's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed November 2, 2022.

                                             REBECCA RUTHERFORD
                                             UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

8